**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Howard Cochran,
Plaintiff
-vs-
Josef Edwin Thomas, et al.,
Defendants.

CV-23-2402-PHX-MTL (JFM)

**Order and**
**Report & Recommendation**

This matter is before the undersigned magistrate judge on referral for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1).  Because the appropriate resolution of this matter is dispositive of claims or defenses, the undersigned proceeds by way of a Report & Recommendation to the referring district judge, pursuant to 28 U.S.C. § 636(b)(1)(B).

**Background** - Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on November 16, 2023  (Doc. 1).  He eventually filed a Third Amended Complaint (Doc. 21), which was ordered served on Defendant Hardesty.  (Order 21/11/25, Doc. 22.) After significant delays, Hardesty was eventually served and filed an Answer (Doc. 45) on June 26, 2025.  Plaintiff then undertook a series of defective efforts to again amend his complaint, which ultimately culminated in a denial without prejudice of leave to amend. (Order 9/1/25, Doc. 62.)  Plaintiff filed an interlocutory appeal, which was dismissed. (Mandate 11/19/25, Doc. 68.)  In the meantime, he sought reconsideration, which was denied.  (Order 11/21/25, Doc. 70.)

**Failure to Comply with Discovery Planning Order** - The Court issued an initial Scheduling Order (Doc. 69) on November 21, 2025 and ordered the parties to file separate Independent Case Management Reports by December 11, 2025. Defendant timely complied (Doc. 74), but Plaintiff did not.  An Order to Show Cause was issued December 16, 2025 (Doc. 77) giving Plaintiff 14 days to show cause why the case should not be

- 1 -

dismissed as a sanction for failure to comply.    Plaintiff has not replied, and the time to do so expired December 30, 2025.

The undersigned finds that Plaintiff has failed to comply with the Court's orders to: (1) file his ICMR; and (2) respond to the Order to Show Cause.   Moreover, because these failings reflect not defects in adherence, but a failure to adhere by performing specific actions necessary to the prosecution of the case, the undersigned finds that Plaintiff has failed to prosecute this case.

Federal Rule of Civil Procedure 16(f) provides:

> **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
> **(2) Imposing Fees and Costs.** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  The referenced sanctions include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Rule 37(b)(2)(A)(v) permits as a sanction "dismissing the action or proceeding in whole or in part."  Such a sanction, if justified, is appropriate for failure to participate in pretrial planning as ordered.  *See Nascimento v. Dummer,* 508 F.3d 905, 909 (9th Cir. 2007).

The Ninth Circuit has adopted the traditional, five-factor analysis for applying such a sanction. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091,

1096 (9th Cir. 2007).  The application of that analysis is discussed hereinafter.

**Failure to Provide Current Address** - In the meantime, on December 3, 2025, Plaintiff filed a Notice of Change of Address (Doc. 71) reflecting his release from prison. However, materials delivered to that address were soon returned undeliverable.  (*See* Docs. 70, 80, 81.)  On December 31, 2025, the Court issued a second Order to Show Cause (Doc. 82) regarding Plaintiff's address, and noting that the Notice of Change of Address (Doc. 71) listed a street address with no unit number provided, only "BLD. # 2."  The Court further observed that mail from the Clerk of the Court to Plaintiff was returned undeliverable, reflecting  "Not Deliverable As Addressed" (Doc. 80) and "No Such Number" (Doc. 81).

Plaintiff was given through January 14, 2026 to file either a notice of change of address reflecting a correct address, or a response showing cause why the case should not be dismissed for failure to comply with orders regarding changes of address and failure to prosecute.  The Clerk sent a copy of that Order to Plaintiff at his address of record.  (*See* Doc. 82, Notice of Electronic Filing.)   Plaintiff's copy of that Order has not yet been returned.  Plaintiff has neither filed a notice of change of address nor a response to the OSC.

Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action."  *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the

Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must apply the traditional five factor analysis, weighing the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

**Application of Five Factor Analysis** – Here, the five factor analysis calls for dismissal based on Plaintiff's failure to file his ICMR, failure to file a notice of change of address, and failure to respond to the OSCs on both of those issues.  Here, the first, second, and third factors favor dismissal of this case.

**Expeditious Resolution -** Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  Similarly, his failure to participate in the discovery planning process has stalled progress.  It appears that Plaintiff has simply abandoned this litigation.  Indeed, the discovery request deadline is set to expire March 30, 2026, and Plaintiff has taken no action in this case to engage in discovery, and has made no filing herein since his December 3, 2025 notice of change of address (Doc. 71).

**Docket Management** – Plaintiff's failures effectively preclude the Court from pressing this case forward and expeditiously and efficiently manage its docket in this case.

Moreover, the Court has had issue repeated orders in an effort to secure Plaintiff's participation.

**Risk of Prejudice** – Here, the risk of prejudice to Defendant is significant. This case is already ancient. Plaintiff's apparent abandonment risks the loss of evidence, and additional expense, if Plaintiff eventually decides to re-engage.

**Merits Resolution** - The fourth factor, as always, weighs against dismissal.

**Alternatives** - The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

Further, Plaintiff's in forma pauperis status and unwillingness to even respond to the Court, and the pervasive impact of his failure to file his ICMR and to respond to the Court, indicate that meaningful sanctions less drastic than dismissal are not available. For example, monetary sanctions will likely be unenforceable, partial limitations in evidence or claims would be arbitrary and would likely result in evisceration of the claims.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, especially given the lack of clarity on Plaintiff's proper address and thus his actual notice, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In the meantime, the Court will vacate the unexpired deadlines in the Court's Schedule.

**IT IS THEREFORE ORDERED** all unexpired deadlines in the Court's Initial Schedule (Doc. 69) are **VACATED**, to be reset if this recommendation is rejected.

**IT IS THEREFORE RECOMMENDED:**

(A)  The reference of this case to the magistrate judge be **WITHDRAWN**.

(B)  Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: January 28, 2026

23-2402r RR 26 01 26 re Dismiss FTP NCA.docx

James F. Metcalf
United States Magistrate Judge